# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1286V**

| | |
|---|---|
| KELLY PEPIN,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 23, 2026 |

*Russell D. Luiz, Law Office of Russell D. Luiz, New Bedford, MA, for Petitioner.*

*Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 21, 2024, Kelly Pepin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on August 24, 2021. Petition, ECF No. 1. On September 18, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 39.

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $11,895.31 (representing $10,620.00 in fees plus $1,275.31 in costs). Petitioner's Motion for Attorney's Fees and Costs ("Motion") filed April 14, 2026, ECF No. 44. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred by Petitioner. ECF No. 47 at 3.

Respondent reacted to the motion on April 15, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondents' response to Motion at ECF No. 45. Petitioner filed no reply thereafter.

Petitioner requests a flat-rate of $400.00 for work performed from 2021-2026 by attorney Russell Luiz. Petitioner represents that Mr. Luiz has been a licensed attorney since 2013 and was admitted to the Court in 2015. He has approximately six years of legal experience at a law firm focusing on personal injury litigation. Since 2020 Mr. Luiz has been a solo practitioner and has devoted his practice to workers' compensation, personal injury, criminal defense, and Social Security matters. I find this requested flat-rate to be reasonable, and it shall be awarded herein. And all time billed to the matter was reasonably incurred.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 47 at 9-24. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $11,895.31 (representing $10,620.00 in fees plus $1,275.31 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.